UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES H. GAINES,<br><br>　　　　　Plaintiff,<br>　v.<br><br>VALVOLINE LLC et al.,<br><br>　　　　　Defendant. | CASE NO. 3:25-cv-05599-DGE<br><br>ORDER TO SHOW CAUSE AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 8.) |

This matter comes before the Court on its own review of the record and Defendant Valvoline LLC's motion to dismiss. (Dkt. No. 8.)

**A. Order to Show Cause**

On July 9, 2025, Defendant removed this case from the Superior Court of the State of Washington for Pierce County. (Dkt. No. 1.) Defendant removed this action pursuant to 28 U.S.C. § 1441(a) alleging the Court has original jurisdiction under 28 U.S.C. § 1332. (*Id.* at 2.) Plaintiff's initial complaint (Dkt. No. 1-1) does not quantify damages, nonetheless Defendant argues the amount in controversy is satisfied because Plaintiff served Defendant a demand letter

ORDER TO SHOW CAUSE AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 8.) - 1

for $131,298.53.  (*Id.* at 5-6.)  According to Defendant, the demand letter seeks actual damages, treble damages, and attorney fees.  (*Id.* at 6.)  On July 21, 2025, Plaintiff filed an amended complaint which also does not quantify damages.  (Dkt. No. 9.)  Plaintiff's amended complaint alleges the cost to replace the transmission was approximately $11,500 (this includes repair estimate and inspection cost).  (*Id.* at 4–5.)  Plaintiff also alleges treble damages up to $25,000.  (*Id*. at 9.)  Plaintiff's amended complaint does not otherwise quantify damages.  (*See id*.)

Federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000 and there is complete diversity between citizens of different states.  28 U.S.C. § 1332(a)(1).  A defendant may remove any civil action brought in state court where the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  In determining whether removal is proper under 28 U.S.C. § 1332(a), the citizenship of defendants under fictitious names is disregarded.  28 U.S.C. § 1441(b).

"When a defendant seeks to remove an action to federal court, 'the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.'" *Keodalah v. Allstate Ins. Co.*, No. C15-01412 RAJ, 2016 WL 4543200, at *2 (W.D. Wash. Mar. 25, 2016) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992)).  Where a plaintiff's complaint does not quantify damages, the defendants must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  *Id.* (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)).  To overcome the presumption, defendants may present "summary-judgement type" evidence.  *Id.* (*citing Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)).  Conclusory allegations are insufficient.  *Id.* (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  "The amount in controversy is

established at the time of removal, and includes actual damages, punitive damages, and attorney fees authorized by contract or statute." *Id.*

Defendant's mere allegation that Plaintiff served a demand letter including actual damages, treble damages, and attorney fees to the amount of $131, 298.53 is insufficient to establish the amount in controversy exceeds $75,000. Currently, the only quantified damage before the Court is approximately $36,500, representing the cost of repairing Plaintiff's car and treble damages. It is therefore unclear why $131, 298.53 is a reasonable account of Plaintiff's damages.

Accordingly, no later than **August 8, 2025**, the Parties shall confirm the amount in controversy is over $75,000 by identifying Plaintiff's calculation of damages.[1]

**B. Defendant's Motion to Dismiss (Dkt. No. 8) is Denied as Moot**

On July 16, 2025, Defendant filed a motion to dismiss. (Dkt. No. 8.) Then, on July 21, 2025, Plaintiff filed an amended complaint. (Dkt. No. 9.)

Defendant's motion to dismiss is moot. Although possibly not materially different, the operative complaint is no longer the same. Considering the present motion to dismiss when there is a new operative complaint can create confusion. More importantly, however, there is a question as to whether this Court has jurisdiction which must be resolved prior to addressing any motion to dismiss.

Accordingly, Defendant's pending motion to dismiss (Dkt. No. 8) is DENIED as MOOT, but may be refiled, if necessary, after the jurisdictional issue is resolved. Similarly, the motion to continue (Dkt. No. 13) the motion to dismiss is DENIED as MOOT as well.

---

[1] The Court is aware of Plaintiff's pending Motion to Remand (Dkt. No. 11) challenging the diversity of parties. However, it is necessary to determine the amount in controversy in the event Defendant successfully opposes Plaintiff's motion to remand.

ORDER TO SHOW CAUSE AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 8.) - 3

1  Dated this 25th day of July, 2025.

David G. Estudillo
United States District Judge

ORDER TO SHOW CAUSE AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 8.) - 4