UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES H. GAINES,<br><br>              Plaintiff,<br>   v.<br><br>VALVOLINE LLC et al.,<br><br>              Defendants. | CASE NO. 3:25-cv-05599-DGE<br><br>ORDER DENYING MOTION TO REMAND (DKT. NO. 11) |

## I    INTRODUCTION

This matter comes before the Court on Plaintiff Charles Gaines's motion to remand this case to the Pierce County Superior Court. (Dkt. No. 11.) Defendant Valvoline LLC ("Valvoline") opposes remand. (Dkt. No. 22.) For the reasons set forth herein, the motion to remand is DENIED.

ORDER DENYING MOTION TO REMAND (DKT. NO. 11) - 1

## II  FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit arises out of damage to Plaintiff's vehicle following a routine oil change in March 2024. (Dkt. No. 9 at 1–2.) Plaintiff alleges he purchased a full-service oil change at the Valvoline Instant Oil Change ("VIOC") location in Sumner, Washington. (*Id.*) He claims VIOC determined the vehicle's transmission fluid needed to be changed, but negligently failed to refill the transmission case after performing the service. (*Id.*) Three days later, the vehicle's transmission allegedly failed, rendering the vehicle "undrivable." (*Id.*) Rempt Motor Company, another auto repair company, examined the vehicle and determined the transmission was "so damaged from lack of fluid that it must be replaced." (*Id.* at 2.)

On February 25, 2025, Plaintiff filed a lawsuit in Pierce County Superior Court against Valvoline and Jane and John Doe. (Dkt. No. 1-1.) He asserted three state law causes of action: (1) violation of the Auto Repair Facilities Act ("ARFA"), Washington Revised Code § 46.71.005 *et. seq.*; (2) violation of the Consumer Protection Act ("CPA"), Washington Revised Code § 19.86.010 *et. seq.*; and (3) negligence. (*Id.* at 7–12.) Plaintiff did not quantify his damages and generally requested "an amount that will compensate him for all of the damages he has sustained." (*Id.* at 12.)

Valvoline filed a notice of removal with this Court on July 9, 2025. (Dkt. No. 1.) Valvoline asserted Plaintiff was a citizen of Washington and identified Valvoline's sole member was a citizen of Kentucky. (*Id.* at 3–4.) Valvoline did not identify the citizenship of Jane and John Doe under the assertion they were fraudulently joined to destroy diversity. (*Id.* at 4.) Valvoline alleges it received a demand from Plaintiff on June 9 that contained a calculation of damages totaling $131,298.53 to satisfy the amount in controversy requirement. (*Id.* at 5–6; *see also* Dkt. No. 21.)

1   On July 16, Valvoline filed a motion to dismiss Plaintiff's statutory claims for failure to state a claim.  (Dkt. No. 8.)  On July 21, Plaintiff amended his complaint to name Defendant Ken Nelson, the general manager of the VIOC location in Sumner.[1]  (Dkt. No. 9 at 3.)  The amended complaint still did not quantify damages.  (*Id.*)

On July 22, Plaintiff filed a motion to remand, arguing that the parties were not diverse because like Plaintiff, Nelson was a citizen of Washington.  (Dkt. No. 11.)

Because neither Plaintiff's initial complaint, nor his amended complaint, included a specific calculation of damages (Dkt. Nos. 1-1; 9), this Court issued an order to show cause on July 25 requiring the parties to confirm the amount in controversy exceeded $75,000.  (Dkt. No. 18.)  After both parties provided briefing on the amount in controversy issue, Valvoline responded to Plaintiff's motion to remand on August 12 and reasserted that Nelson was fraudulently joined to evade removal.[2]  (Dkt. No. 22.)  Plaintiff submitted his reply in support of the motion to remand on August 19.  (Dkt. No. 23.)

### III    DISCUSSION

Valvoline asserts removal was proper based on diversity jurisdiction.  (Dkt. Nos. 1 at 3; 22 at 4.)  A matter is properly removed based on diversity where "the suit is brought between citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a)(1).  It is a "longstanding, near-canonical rule that the burden on removal rests with the removing defendant."  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).  Furthermore, "[courts] strictly construe the removal statute against removal jurisdiction."  *Gaus*

---

[1] Nelson's wife remained identified as Jane Doe Nelson.

[2] Valvoline challenges whether Nelson has been properly served as of the date of its opposition. (Dkt. No. 22 at 2.)  However, Plaintiff provided proof that Nelson was personally served on June 26 while at work.  (Dkt. No. 12 at 4); Wash. Rev. Code § 4.28.080(16).

ORDER DENYING MOTION TO REMAND (DKT. NO. 11) - 3

*v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941).

In addition, where the state court complaint does not specify a particular amount in damages, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal was proper by a preponderance of evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–404 (9th Cir. 1996).

### A. Diversity of Citizenship

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citation omitted). Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (internal citation omitted). Put another way, fraudulent joinder is established if a defendant shows that individuals joined in the action "cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a "general presumption against [finding] fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (quoting *Smallwood v. Ill. Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)) (en banc). A "'summary inquiry'" may be appropriate "'only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.'" *Id.* at 1044 (internal citation omitted).

Valvoline is diverse from Plaintiff. Plaintiff is a citizen of Washington, and Valvoline, through its sole member, is a citizen of Kentucky. (Dkt. No. 1 at 3–4.) Thus, whether complete diversity exists between the parties (and as a result, whether this Court may maintain jurisdiction over this lawsuit) depends on whether Plaintiff's operative complaint states a claim against Nelson.

Here, the only facts in the amended complaint implicating Nelson specifically are that: (1) he was the general manager of the VIOC location that serviced Plaintiff's vehicle; (2) after learning of the damage to the vehicle, Plaintiff returned to the VIOC location and spoke with Nelson; and (3) Nelson "denied all responsibility for damaging" Plaintiff's vehicle. (Dkt. No. 9 at 3, 5.) These bare-bone facts fail to support the three claims asserted against Nelson.

First, Plaintiff does not state a negligence claim against Nelson under Washington tort law. He does not allege facts identifying that Nelson personally owed him a duty of care, that Nelson breached such duty, or that Nelson proximately caused the injury to Plaintiff's vehicle. Nor does Plaintiff state a claim against Nelson in his managerial capacity for the alleged negligence of another mechanic or of Valvoline. *See Grove v. PeaceHealth St. Joseph Hosp.*, 312 P.3d 66, 75 (Wash. Ct. App. 2013), *rev'd on other grounds*, 341 P.3d 261 (Wash. 2014) (holding that a supervisor is not automatically vicariously liable for the negligence of the employees under their supervision); *R.N. v. Kiwanis Int'l*, 496 P.3d 748, 760 (Wash. Ct. App. 2021) ("[a] corporate officer who takes no part in a tort committed by the corporation is generally not personally liable to third persons for such tort"). Plaintiff does not identify facts indicating Nelson was personally involved in the transmission fluid change that damaged Plaintiff's vehicle, nor that he was directing or controlling the employees performing the service at the time it was performed. Courts will not impose vicarious liability for "conduct that a

defendant does not directly or actually control." *Env't Transp. of Nev., LLC v. Mod. Mach. Co. Inc.*, Case No. C18-5445-RBL, Dkt. No. 46 at 10 (W.D. Wash. 2020) (citing *McLean v. St. Regis Paper Co.*, 496 P.2d 571, 574 (Wash. Ct. App. 1972).

Further, though Plaintiff claims "[a]ll of the wrongful conduct committed by Valvoline and the individual [d]efendants . . . proximately caused the Plaintiff to sustain damages and other losses" (Dkt. No. 9 at 12), he does not specify *how* Nelson personally participated in or caused any of the alleged ARFA or CPA violations. Plaintiff does not identify facts indicating Nelson failed to provide a written estimate of the cost of Plaintiff's oil change or that he failed to post compliant signs at the Sumner VIOC location to implicate the ARFA.[3] Plaintiff argues that Nelson's "denial of wrongdoing provides a basis for the unfair and deceptive acts committed by Valvoline," thus constituting a violation of the CPA.[4] (Dkt. No. 23 at 3–4.) But the amended complaint does not identify facts indicating Nelson participated in, approved of, or even had knowledge of the allegedly wrongful conduct—only that he denied responsibility after the work was performed. (Dkt. No. 9 at 5.) Without additional facts, there is no possibility on the face of the amended complaint that Nelson is personally liable for a CPA violation. *See State v. Arlene's Flowers, Inc.*, 441 P.3d 1203, 1237 (Wash. 2019) (internal citation omitted) (holding that an individual may be personally liable for a CPA violation if they "participate in the wrongful conduct, or with knowledge approve of the conduct"). Accordingly, the Court finds Nelson was fraudulently joined because the amended complaint fails to state a cause of action

---

[3] Among other things, the ARFA requires automotive repair facilities to provide written estimates of the cost of services or parts and to "prominently" post signs that outline a consumer's rights. Wash. Rev. Code §§ 46.71.025; 46.71.031. A violation of the ARFA is a per se violation of the CPA. *Id.* § 46.71.070.

[4] The CPA makes it unlawful to engage in "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Id.* § 19.86.020.

against him, and the failure is obvious according to the settled rules of the state. *Morris*, 236 F.3d at 1067.

### B. Amount in Controversy

The removing defendant bears the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement. *Abrego Abrego*, 443 F.3d at 682–683. Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met. *Id.* at 683. Conclusory allegations by the defendant will not suffice to overcome the traditional presumption against removal jurisdiction. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). When the amount in controversy is not facially apparent from the complaint, the court may consider facts in the removal petition in determining whether the amount in controversy exceeds the jurisdictional minimum. *Id.* Courts may also consider any summary-judgment-type evidence relevant to the amount in controversy at the time of removal. *Id.* (internal citation omitted).

In response to the Court's order to show cause, Plaintiff and Defendant agree that Plaintiff sent Defendant a demand on June 9, 2025, with a calculation of Plaintiff's damages exceeding the amount in controversy. (Dkt. Nos. 19–21.) Plaintiff "concede[d]" that he sent Defendant a demand for $131,298.53, and that Defendant "confirmed and verified the validity of Plaintiff's claims" in the notice of removal. (Dkt. No. 19 at 1.) In the Ninth Circuit, a settlement letter is "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Here, Plaintiff's settlement demand appears to reflect a reasonable estimate of his claim based on the cost of repairs, insurance payments incurred since the incident, loss of use of the vehicle, and

damages and attorney fees. (*See* Dkt. No. 21 at 9.) Neither party has presented any summary-judgment-like evidence to the contrary. Accordingly, the settlement demand establishes the amount in controversy exceeds $75,000.

### C. Dismissal

The Ninth Circuit permits district courts to dismiss fraudulently joined defendants to prevent unnecessary motions under Rule 12(b)(6). *Isaacs v. Broido*, 358 F. App'x 874, 877 (9th Cir. 2009) (holding there was "no reason the district court could not have dismissed the fraudulently joined defendants on its own motion at the conclusion of litigation on the fraudulent joinder issue" and remanding the case with directions for the district court to amend its order denying remand to include a "sua sponte judgment of dismissal against the fraudulently joined defendants"). On the facts alleged against Nelson, Plaintiff's amended complaint is insufficient to withstand a motion to dismiss. *See id.* (citing *Sessions v. Chrysler Corp.*, 517 F.2d 759, 761 (9th Cir. 1975)). Nelson and Jane Doe Nelson are therefore dismissed as defendants to this lawsuit.

### IV    CONCLUSION

For the reasons stated herein, the Court finds and ORDERS that Plaintiff's Motion to Remand to the Pierce County Superior Court (Dkt. No. 11) is DENIED. The Court DISMISSES Plaintiff's claims against Defendants Nelson and Jane Doe Nelson.

Dated this 25th day of August 2025.

David G. Estudillo
United States District Judge